U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 3 2017

CLERK, U.S. DISTRICT COURT
By
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

RONNIE ROBERT MOLINA,  )
    **Plaintiff,**  )
    )
v.  )    **No. 3:17-CV-2225-M**
    )
WISE COUNTY TEXAS, ET AL.,  )
    **Defendants.**  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions and

Recommendation of the Magistrate Judge follow:

### I.

Plaintiff is a federal prisoner who is currently incarcerated in Minnesota. He filed this

complaint under 42 U.S.C. § 1983 regarding his confinement in Wise County, Texas. Wise

County is located in the Fort Worth Division of the Northern District of Texas.

Congress has recognized that substantial advantages may be gained by having the case

resolved in the court located nearest the site of the underlying controversy. *Braden v. 30th*

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497 (1973). The terms of 28 U.S.C. § 1404(a)

provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been

brought." A court may transfer a case upon a motion or *sua sponte. See* 28 U.S.C. § 1404 and

§ 1406. The court has broad discretion in deciding whether to order a transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *accord Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989).

The incidents out of which Plaintiff's claims arise occurred within the Fort Worth Division of the Northern District of Texas. The records and potential witnesses would be readily accessible there, making the Fort Worth Division of the Northern District of Texas a more convenient forum. *See Bell v. Watkins*, 692 F.2d 999, 1013 (5th Cir. 1982).

## II.

For the foregoing reasons, the Court recommends that this case be transferred to the Forth Worth Division of the Northern District of Texas.

Signed this 13 day of September , 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).