IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONNIE ROBERT MOLINA　　　　　　§
(Reg. No. 35504-177)　　　　　　§
　　　Plaintiff,　　　　　　　　§
V.　　　　　　　　　　　　　　　§　　CIVIL ACTION 4:17-CV-809-Y
　　　　　　　　　　　　　　　　§
WISE COUNTY, TEXAS, et al.　　　§
　　　　　　　　　　　　　　　　§
　　　Defendants.　　　　　　　§

**OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. § 1915(e)(2)(B)**

This case is before the Court for review of pro-se-inmate/plaintiff Ronnie Robert Molina's pleadings under the screening provision of 28 U.S.C. § 1915(e)(2)(B). As explained below, the live pleadings subject to review under these statutes are Molina's complaint and his more definite statement. After review and consideration of Molina's claims as set forth in these pleadings, the Court determines that many of Molina's claims must be dismissed, and the remaining claims served upon some defendants.

**I.　BACKGROUND/PLEADINGS**

In this suit Molina initially filed a typed civil-rights complaint naming as defendants Wise County, Texas; Sergeant Thomas; Officer Larson; Officer Roberts; Unknown Officer "B"; and Wise County Sheriff Akin. (Complaint (doc. 3) at 1.) Molina recites in a "statement of facts" section of the complaint that while he was housed in the Wise County Jail on May 19, 2016, he was sexually abused and assaulted by fellow jail inmate Israel Trey Rodriguez.

(*Id.* at 4.) He recites that he had, prior to the assault, informed Sergeant Thomas, Officer Larson, Officer Roberts, and Officer "B" that Rodriguez was sexually harassing him, and though he was told it would be taken care of, he alleges they were not separated and he was then raped. (*Id.* at 4.)

The majority of Molina's remaining allegations in the statement-of-facts section relate to his having presented a Prison Rape Elimination Act ("PREA") claim to several persons, including through a declaration to Wise County Detective Mayo; writing a letter to Sheriff Akin; and giving a written statement to Wise County Detective Jay Polhemus and Wise County Deputy Alsup. Molina alleges that nothing ever came of his PREA claim to Wise County officials. Molina reports that later in May 2016, he was transferred to the Parker County jail, and though he subsequently notified numerous other Wise County officials of his PREA claim, "not one individual attempted to have me interviewed." (*Id.*)

After being housed in the Parker County jail for a few months, Molina was transferred into the Federal Medical Center, Rochester Minnesota, where he remains. Molina recites that he reported the PREA claim to numerous federal officials when he was transferred there in January 2017, but that it was not until May 5, 2017, that he was finally interviewed by Investigator J. Grimsley and Chief of Psychology Dr. Jason Gabel. (*Id.*) Molina reports that he was informed that a PREA notice would be sent to the Wise and Parker County jails, and that Grimsley and Gabel "found the sexual abuse,

harassment and physical assault to be egregious and traumatizing." (*Id.*)

After review of the complaint, the Court directed Molina to file a more definite statement giving answers to the Court's particular questions about the claims made in the complaint. (Order (doc. 15).) Plaintiff filed a handwritten more definite statement. (More Definite Statement (MDS) (doc. 16).) In that document, Molina recites that in addition to his claim under the PREA, he seeks relief for violation of his Eighth and Fourteenth Amendment rights, apparently under 42 U.S.C. § 1983.[1] He also claims that some defendants failed to protect him from a threat to his safety, and thus that defendants violated the Federal Tort Claims Act ("FTCA"), and the Texas Tort Claims Act ("TTCA"), citing Texas Civil Practice and Remedies Code § 101.106.(MDS (doc. 16) at 2.)

In response to the Court's detailed questions regarding whether inmate Rodriguez had threatened or sexually harassed him before the May 19, 2016 sexual assault, and if so, whether any such conduct was relayed by Molina to any defendant before the May 19 assault, Molina made allegations relating to Sergeant Thomas, Officer Larson, Officer Roberts, and unnamed Officer "B." (MDS (doc. 16) at 2-9.) Molina alleges that each of these persons knew there was a serious risk of harm to his health and safety but showed deliberate

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

indifference by not removing him from the same cell and duty assignment with Rodriguez. (*Id.* at 8–9.)

Molina also requests to add as defendant a Detective Mayo, alleging that Mayo failed to have him medically examined after Molina related that he had been the victim of a sexual assault.(MDS (doc. 16) at 10–11.) Molina also wants to add as a defendant Wise County Officer John Waggoner Polhemus Jr arising from Polhemus's alleged failure to follow PREA protocol and conduct an investigation of the assault.(MDS (doc. 16) at 12–13.)[2] Molina also clarified his claims against Wise County, Texas, and he notified the Court that although he had listed several additional persons to whom he relayed a PREA notice while housed at the Parker County jail and at FMC-Rochester, he "did not intend to add any other defendant's [sic] related to these additional recitations." (MDS (doc. 16) at 14.) Thus, no other defendants will be added to this suit. Molina seeks compensatory damages, punitive damages, declaratory relief, and costs and attorneys fees.  (Complaint (doc. 3) at 2.)

## II. PRELIMINARY SCREENING UNDER 28 U.S.C. § 1915(e)(2)(B)

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. Because he is proceeding *in forma pauperis*, his complaint is subject to screening under § 1915(e)(2). That statute provides for sua sponte dismissal of the complaint, or any portion

---

[2] The clerk of Court is directed to add defendants Wise County Detective Mayo and Wise County Officer John Waggoner Polhemus Jr. as defendants.

thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."*Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

**A. Failure to State a Claim Upon Which Relief May be Granted**

(1) Claim under the Federal Tort Claims Act (FTCA)

Molina alleges that the "defendants violated the Federal Tort Claims Act."(MDS (doc. 16) at 2.) The FTCA waives the United States' sovereign immunity from tort suits. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998)(citing 28 U.S.C. § 2674). Because the FTCA

5

provides such a waiver, the limitations and conditions upon which the government consents to be sued must be construed strictly in favor of the United States. *Atorie Air, Inc., v. Federal Aviation Administration*, 942 F.2d 954, 957 (5th Cir. 1991)(citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). In order to sue successfully under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire,* 137 F.3d at 324, *citing Atorie Air, Inc.,* 942 F.2d at 957. Molina does not further allege which defendant he targets on the FTCA claim, or whether he is asserting such a claim in an official or individual capacity. As the United States is the only proper party defendant for a claim brought under the FTCA, Molina's claims under the FTCA against any other defendant must be dismissed. *See Woodard v. United States*, No.1:17-cv-174, 2018 WL 4517624, at * 7 (E.D. Tex. Aug. 31, 2018) (as USA is only proper defendant, motion to dismiss any claim brought under the FTCA against individual defendant acting in official capacity must be granted), *rep. and rec. adopted*, 2018 WL 4517495 (E.D. Tex. Sep. 19, 2018); *Lewis v. United States*, No.18-3423, 2018 WL 3619443, at * 2 (E.D. La. July 30, 2018)(noting that for claims under the FTCA federal employees are improper defendants in both their official and individual capacities). Thus, Molina's claims under the FTCA against the parties named in this suit must be dismissed.

(2) Claim under the Texas Tort Claims Act (TTCA)

In both his complaint and again in the more definite statement,

6

Molina recites that defendants violated the Texas Civil Practice and Remedies Code § 101.106. But that provision is an election-of-remedies provision of the Texas Tort Claims Act ("TTCA"). The TTCA provides for a limited waiver of the common law doctrine of governmental immunity under certain circumstances. *Drain v. Galveston County, Et Al.*, 979 F. Supp. 1101, 1104 (S.D. Tex. Oct. 7, 1997). Under the election-of-remedies provision of the TTCA, a plaintiff who sues under the TTCA must elect between suing a governmental unit and suing an employee of that unit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462 (5th Cir. 2010). Plaintiff does not list which defendant, but of course, as noted above, he has named both Wise County, Texas, and several individual officers of Wise County. As Plaintiff has named the governmental unit, Wise County, this suit "constitutes an irrevocable election by [Molina] and immediately and forever bars any suit or recovery by [Molina] against any individual employee of the governmental unit [Wise County] regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). Thus, by suing the county, Molina has made an election that bars any suit under the TTCA against the individual defendants, and any claims under the TTCA against the individual defendants must be dismissed.

Moreover, the TTCA claim against Wise County, Texas, also fails. Another court has explained the doctrine of sovereign

immunity, the TTCA waiver of such immunity, and the exceptions to that waiver:

> Under the doctrine of sovereign immunity, a governmental unit is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *State v. Terrell*, 588 S.W.2d 784, 785 (Tex. 1979). The Texas Tort Claims Act ("TTCA") creates a limited waiver of sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). In order for immunity to be waived under the TTCA, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver. *Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex.App.-Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex.1995). The three specific areas of liability for which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal or real property; and (3) claims arising from premise defects. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). However, the waiver of immunity does not extend to claims arising out of intentional torts. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 1997).

*Medrano v. City of Pearsall*, 989 S.W.2d 141, 143–44 (Tex. App.-San Antonio 1999, no pet.).

As noted, among the exceptions to the waiver of sovereign immunity is this: the TTCA does "not apply to a claim . . . arising out of assault, battery or other intentional tort . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *see Delaney v. Univ. of Houston*, 835 S.W. 2d 56, 59 (Tex. 1992). "This provision shields municipalities from suits arising out of intentional torts committed by governmental employees and should be liberally construed to accomplish this objective." *Gillum v. City of Kerrville*, 3 F.3d 117,

8

123 (5th Cir. 1993)(citations omitted). Thus, even if immunity "is waived under section 101.021 of the TTCA, a claim is still prohibited if it falls within the section 101.057(2) exception." *Tarrant Cty. Hosp. Dist. v. Henry*, 52 S.W.3d 434, 441(Tex. App.-Fort Worth 2001, no pet)(citing *Delaney*, 835 S.W.2d at 58).

Here, the alleged conduct by the Wise County individual defendants is that each of them was deliberately indifferent to the risk of serious harm to Molina's health and safety. (MDS (doc. 16) at 7-9.) Other courts have recognized that claims of deliberate indifference fit within the intentional-tort exception. *See Jones v. Nueces Cty.*, No. C-12-145, 2012 WL 4867556, at *5 (S.D. Tex. Oct. 12,2012)(recognizing that to extent claims of deliberate indifference to serious medical needs state intentional torts, they are excluded from the TTCA waiver of immunity); *Drain v. Galveston Cty.*, 979 F. Supp. at 1104 ("Plaintiff's § 1983 cause of action and her claims under the [TTCA] are mutually exclusive. A plaintiff cannot pursue pendent state law claims under the [TTCA] where they are based on a single event, an event alleged under a contemporaneous § 1983 cause of action to be an intentional tort")(citation omitted).

Thus, having considered Molina's pleading of a state-law claim against Wise County based upon the allegation that Wise County officials acted with deliberate indifference toward him, the Court concludes that he has alleged an intentional tort for purposes of

9

the exception from the waiver of sovereign immunity under the TTCA. Thus, Wise County, Texas is cloaked with governmental immunity, and is immune from Molina's state-law claims. Therefore, Molina's claims under the TTCA must be dismissed.

(3) Claim under the Prison Rape Elimination Act

The bulk of Molina's pleadings recite claims under provisions of the Prison Rape Elimination Act ("PREA").That statutory scheme, originally codified in 15 U.S.C. § 15601–15609 (West 2103 and West Supp. 2018), was transferred to 34 U.S.C. § 30301–30309 (West Pamphlet 2018). Although the PREA was drafted to "address the problem of rape in prison, authorize grant money, and create a commission to study the issue[,] it does not give prisoners any specific rights." *Johnson v. Rupert*, No. 6:11-cv-446, 2014 WL 6969202 at *5 (E.D. Tex. Dec. 9, 2014) (citing *Chinnici v. Edwards*, No.1:07-cv-229, 2008 WL 3851294 at *3 (D. Vt. Aug. 13, 2008). Rather, "courts have held that nothing in the [PREA] suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the [PREA]." *Id.* (citing *De'Lonta v. Clarke*, No.7:11-cv-483, 2012 WL 4458648 (W.D. Va. Sep. 11, 2012) (collecting cases)). The Fifth Circuit has expressly found that the PREA does not create a private right of action:

> Insofar as Krieg argues that his rights under the Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. § 15601 et seq., were violated, other courts addressing this issue have found that the PREA does not establish a private

10

> cause of action for allegations of prison rape. *See Diamond v. Allen*, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov.17, 2014) (citing cases); *Amaker v. Fischer*, No. 10-CV-0977, 2014 WL 4772202, at *14 (W.D. N.Y. Sept. 24, 2014) (holding that the PREA cannot support such a cause of action by an inmate); *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 WL 4627278, at *4 (W.D. Ky. Sept.16, 2014) (holding that the PREA creates *233 no private right of action). Krieg has cited no case in support of his position; therefore, any claim raised under the PREA is properly dismissed as frivolous.

*Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015). Following this circuit precedent, another district court explained "[e]ven if the [officers] conduct did violate that statute, which is an issue the undersigned need not and does not reach, plaintiff's claim would not be actionable because the PREA simply does not establish a private cause of action." *Harold v. Goff*, No.16-13041, 2016 WL 8137642, at *4 (E.D. La. Dec. 1, 2016) (citing *Krieg*, 599 F. App'x at 232) (other citations omitted)), *rep and rec. adopted*, 2017 WL 413082 (E.D. La. Jan. 30, 2017)).

Because the PREA does not create or provide a private cause of action, Molina's claims for relief under its provisions must be dismissed for failure to state a claim upon which relief may be granted as to all defendants.

(4) Claim for violation of the Constitution against Wise County, Texas

Although a city or county is a "person" within the meaning of 42 U.S.C. § 1983, a municipal government may not be held liable "unless action pursuant to official municipal policy of some nature

11

caused a constitutional tort." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). The Supreme Court, in *Monell v. New York City Department of Social Services*, emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.

*Id.* at 694. Thus, with regard to any claim by Molina that Wise County is responsible to him due to the actions of the officers at the Wise County jail, as this claim is essentially a claim that the county is responsible on a vicarious liability or *respondeat superior* basis, such claim is without legal merit.

Instead of vicarious liability for the actions of government employees, § 1983 liability attaches against a local government entity only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 59 (2011) (quoting *Monell*, 436 U.S. at 692); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (liability "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original). An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials,

12

and practices so persistent and widespread as to practically have the force of law." *Prince v. Curry*, 423 F. App'x 447, 450 (5th Cir. 2011) (quoting *Connick*, 563 U.S. at 60.)

The Court directed Molina to provide any facts to show how "any custom or policy of Wise County, Texas" related to his claims against the county. (Order for MDS (doc. 15, at 5.) In response Molina wrote: "Wise County oversees the Wise County jail's policies, practices, customs and training." (MDS (doc. 16) at 13.) But this conclusory statement is not a recitation of a fact related to any actual policy or custom of the county that relates to the claims in this suit. Thus, even though he was given an opportunity, Molina has wholly failed to allege any basis for holding Wise County, Texas, liable on any claims of violation of his constitutional rights under § 1983.

## IV. SERVICE OF REMAINING CLAIMS

As noted above, Molina alleges claims under either the Eighth Amendment or the Fourteenth Amendment[3] against Sergeant Thomas,

---

[3] On the information available at this time, the Court is unable to be certain whether Plaintiff was a pre-trial detainee or a convicted inmate at the time of the May 2016 events made the basis of the complaint. The Eighth Amendment's prohibition against "cruel and unusual punishment" protects the rights of convicted prisoners; the rights of pre-trial detainees are protected by the "due process clause" of the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)(citations omitted); *see generally Escobedo v. Garza County Sheriff's Dept*., No.5:16-cv-166-BQ, 2017 WL 6759136, at *3 n.2 (N.D. Tex. Oct. 23, 2017) (noting that although the Supreme Court, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015), applied an objective test to excessive force claims brought by pre-trial detainees, the Fifth Circuit in *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419-20 & n.4 (5th Cir. 2017) subsequently reaffirmed that a subjective deliberate-indifference standard

13

Officer Larson, Officer Roberts, and unnamed Officer "B", as well as Detective Mayo. (MDS (doc. 16) at 7-11.) Plaintiff has alleged sufficient facts to form arguable claims for relief for a violation of the constitution against these five defendants. Thus, the Court will allow service of these remaining claims through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1107, 1109-1110 (5th Cir.1987).[4]

## V. ORDER

Therefore, all of Plaintiff's claims against any defendant under the Federal Tort Claims Act, the Texas Tort Claims Act, and the Prison Rape Elimination Act (including all claims against Sheriff Akin and John Waggoner Polheums Jr.) are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, all of Plaintiff's remaining claims against Wise County, Texas, are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915(e)(2)(B)(ii).

SIGNED February 21, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

applies to all failure-to-protect claims, regardless of whether the prisoner is a pretrial detainee or a prisoner)(other citations omitted)).

[4] A separate order will issue regarding service of these remaining claims upon five defendants.