```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                  FORT WORTH DIVISION

RONNIE ROBERT MOLINA          §
(Reg. No. 35504-177)          §
     Plaintiff,               §
V.                            §    CIVIL ACTION 4:17-CV-809-Y
                              §
WISE COUNTY, TEXAS, et al.    §
                              §
     Defendants.              §
```

**ORDER RESOLVING MOTION FOR RULING and
SECOND OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. § 1915(e)(2)(B)**

**I.   BACKGROUND**

In this civil suit, pro-se inmate/plaintiff Ronnie Robert Molina asserted claims against several Wise County jail officials, arising from their alleged failure to protect him from a sexual assault by a fellow inmate, even though he had informed them of incidents with, and threats from, the fellow inmate on several instances prior to the assault.(Compl. (doc. 3) at 4-5.) In an opinion and order of partial dismissal entered on February 21, 2019, the Court dismissed all of Plaintiff's claims against any defendant under the Federal Tort Claims Act, the Texas Tort Claims Act, and the Prison Rape Elimination Act (including all claims against Sheriff Akin and John Waggoner Polheums Jr.), and all of Plaintiff's remaining claims against Wise County, Texas. (Op. and Order (doc. 17 at 1-14.) The Court allowed service of Molina's claims against Sergeant Thomas, Officer Larson, Officer Roberts, Detective Mayo, and unnamed officer "B". *(Id.* at 14.) Four of those

defendants have appeared by the filing of a First Amended Answer: James Mayo, Joseph Thomas, Lance Larson, and Jennifer Roberts. (Answer (doc. 34).)

## II. MOTION FOR RULING AND FOR LEAVE TO AMEND PROCESS

Now pending is Molina's motion for ruling and motion for leave to amend process, along with a completed summons for a second and different "Officer Roberts." (Docs. 32, 33.) By the motion, Molina points to portions of the complaint and more definite statement ("MDS") that show that he actually identified two separate persons as defendants named Officer Roberts, and he asks the Court to authorize the issuance of summons and allow service upon the second Roberts defendant.(Mot. (doc. 33) at 1-2.)

Upon review of the complaint and MDS, it appears that Molina has listed claims against two separate persons named Officer Roberts. The first Roberts is frequently referred to as a female in Molina's more definite statement. (MDS (doc. 16) at 6.) This Roberts appears to be Jennifer Roberts, who has answered the constitutional claims arising from the events that took place prior to the May 22 alleged assault.(First Am. Answer (doc. 34).) Further review confirms, however, that Molina referred to a second Roberts in his pleadings.

In the complaint, Molina wrote: "On Sunday, May 22, 2016, I made a Prison Rape Elimination Act of 2003 declaration to a

2

second C.O. Roberts." (Compl. (doc. 3) at 4.) In the MDS he also wrote: "[w]hen I told C.O. Roberts [on May 22, 2016] the truth that Rodriguez had been sexually harassing me, and that I had already told C.O. Larson, C.O. Roberts and Sgt. Thomas, Roberts did not begin a P.R.E.A. investigation that would include a medical exam." (MDS (doc. 16) at 9-10.) As Molina points out in his motion for ruling, he also wrote in the margins of the MDS the words: "I would like to include C.O. Roberts as a defendant. There are two C.O. Roberts [sic]." (MDS (doc. 16) at left margin.) Upon review, the Court acknowledges that it failed to address Molina's claims against this second Officer Roberts in the prior opinion and order.

### III. REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B)

Now turning to review of Molina's claim against the second Roberts defendant, the Court observes that the only assertion against this defendant Roberts is a failure to initiate a Prison Rape Elimination Act ("PREA") investigation. As addressed in the prior opinion and order, although the PREA was drafted to "address the problem of rape in prison, authorize grant money, and create a commission to study the issue[,] it does not give prisoners any specific rights." *Johnson v. Rupert*, No. 6:11-cv-446, 2014 WL 6969202 at *5 (E.D. Tex. Dec. 9, 2014) (citing *Chinnici v. Edwards*, No.1:07-cv-229, 2008 WL 3851294 at *3 (D. Vt. Aug. 13, 2008). Rather, "courts have held

3

that nothing in the [PREA] suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the [PREA]." *Id.* (citing *De'Lonta v. Clarke*, No.7:11-cv-483, 2012 WL 4458648 (W.D. Va. Sep. 11, 2012) (collecting cases)). The Fifth Circuit has expressly found that the PREA does not create a private right of action. See Krieg v. Steele, 599 F. App'x 231, 232–33 (5th Cir. 2015). Following this circuit precedent, another district court explained that "[e]ven if the [officers'] conduct did violate that statute, which is an issue the undersigned need not and does not reach, Plaintiff's claim would not be actionable because the PREA simply does not establish a private cause of action." *Harold v. Goff*, No.16-13041, 2016 WL 8137642, at *4 (E.D. La. Dec. 1, 2016) (citing *Krieg*, 599 F. App'x at 232) (other citations omitted)), *rep and rec. adopted*, 2017 WL 413082 (E.D. La. Jan. 30, 2017)).

Because the PREA does not create or provide a private cause of action, Molina's claims for relief against the second Officer Roberts under the provisions of the PREA must be dismissed under authority of 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## IV. ORDER

Therefore, Molina's Motion for Ruling and Motion for Leave to Amend Process (doc. 33) is **DENIED**.

Furthermore, all of Molina's claims against the second Correctional Officer Roberts are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the Summons in a Civil Action issued by the clerk of Court on April 18, 2019 (doc. 32), for service upon the second Officer Roberts is **QUASHED** and of no force and effect. All claims against the second Officer Roberts are dismissed and no appearance or answer is required.

SIGNED May 20, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE