# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| RONNIE ROBERT MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Acton No. 4:17-cv-00809-P |
| | § | |
| WISE COUNTY, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case was recently reassigned from the docket of Senior Judge Terry R. Means to this the "P" docket of the undersigned district judge. Ord. Transfer, ECF No. 59. Pending before the Court is the Wise County individual defendants Sergeant Joseph Thomas, Officer Lance Larson, and former Officer Jennifer Roberts' Motion for Summary Judgment, brief, and appendix.[1] Mot. Summ. J., ECF No. 46; Brief, ECF No. 47; App., ECF No. 48. Plaintiff Robert Ronnie Molina filed a Response. Resp., ECF No. 57. The defendants filed a collective Reply. ECF No. 58. Having considered the Motion, brief in support and appendix, Plaintiff's Response, and Defendants' Reply, the Court concludes that Defendants' Motion for Summary Judgment should be and hereby is **GRANTED**.

---

[1]Although the summary judgment motion included arguments on behalf of defendant James Mayo, Plaintiff Molina voluntarily dismissed Defendant Mayo so those arguments are not addressed. Order, ECF No. 49; Rule 54(b) J., ECF No. 50. Also, although a second Officer Roberts was initially a party to this case, that second Officer Roberts was dismissed in an order and Rule 54(b) judgment entered on May 20, 2019, as later clarified. Order, ECF No. 35; Rule 54(b) J., ECF No. 37; July 29, 2019 Order for Clarification, ECF No. 51. All further references to "Roberts" are to Defendant Jennifer Roberts.

## BACKGROUND

Plaintiff Ronnie Robert Molina ("Plaintiff" or "Molina") filed a complaint against several defendants arising from his detention in the Wise County Jail in May 2016. Complaint 1–6, ECF No. 3. Molina alleges that while in the Wise County Jail on May 19, 2016, he was sexually abused and assaulted by fellow inmate, Israel Trey Rodriguez. *Id.* at 4. He alleges that he had informed Defendants Thomas, Larson, and Roberts that Rodriguez was sexually harassing him. *Id.* The Court then directed Molina to filed a More Definite Statement ("MDS") with answers to the Court's particular questions, and Molina filed an MDS. Order, ECF No. 15; MDS, ECF No. 16. After review of the MDS, the Court issued an Opinion and Order of Partial Dismissal under 28 U.S.C. § 1915(e)(2)(B), dismissing all claims and defendants, except Molina's 42 U.S.C. § 1983 constitutional claim against Thomas, Larson, Roberts, an unnamed Officer "B", and Detective Mayo. Op. and Order, ECF No. 17. Detective Mayo and Officer "B" have since been dismissed.[2] After Molina complied with a Court order to file a Federal Rule of Civil Procedure 7(a) reply, the remaining defendants, Thomas, Larson, and Roberts, filed the summary judgment motion.

## SUMMARY JUDGMENT EVIDENCE

The motion for summary judgment was supported by a brief and appendix. ECF Nos. 47–8. The Appendix contained: (a) the Affidavits of Defendants' Larson and Roberts

---

[2]The Court previously noted Detective Mayo's dismissal. Defendant unnamed Officer"B" was also dismissed by an order and Rule 54(b) judgment entered on May 20, 2019. Order, ECF No. 36; Rule 54(b) J., ECF No. 37.

(Exhibits 1 and 2); (b) the Affidavit of Thomas (Exhibit 3); Thomas's Law Enforcement Status Report (Exhibit 3-A); the Inmate Witness Statements given on May 21, 2016 by Molina and three other Wise County Jail inmates (Exhibit 3-B); and a July 1, 2016 letter written by Molina (Exhibit 3-C). App. 4–29, ECF No. 48. Plaintiff Molina declared "under penalty of perjury" that his MDS was "true and correct." MDS at 17, ECF No. 16. Thus, the Court will review the more definite statement as summary judgment evidence. *See Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made "under penalty of perjury" and verified as "true and correct"). Molina did not swear to his Original Complaint or his Rule 7 Reply, so those documents are not considered as summary judgment evidence. Furthermore, although Molina recited additional information in his response to the Motion for Summary Judgment, that document was not sworn, and Molina did not supply any responsive summary judgment evidence or affidavits, and thus the response does not include summary judgment evidence.

## ANALYSIS

In this case, Defendants each move for judgment on the basis that they are entitled to qualified immunity from suit. Brief 5–10, ECF No. 47.

### A. Summary Judgment Standard

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate.

FED. R. CIV. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F. 3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits or declarations, documents, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. FED. R. CIV. P. 56(c)(1). Although the Court is *required* to consider only the cited materials, it ***may*** consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3) (emphasis added). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)(citation omitted).

In evaluating whether summary judgment is appropriate, the Court "views 'the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.'" *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010)

(quoting *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment." *Woodberry v. Dallas Area Rapid Transit*, No. 3:14-CV-03980-L, 2017 WL 840976, at *3 (N.D. Tex. Mar. 3, 2017) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Woodberry*, 2017 WL 840976, at *3.

**B.     Qualified Immunity Standard**

Molina seeks relief in this case under 42 U.S.C. § 1983, which "creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984)). "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates. Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1987) (citations and internal marks omitted) (quoting *Johnson v. Harris Cty. Flood Control Dist.,* 869 F.2d 1565, 1573 (5th Cir. 1989)).

Defendants Thomas, Larson, and Roberts each seek summary judgment on the basis

that they are entitled to qualified immunity from Plaintiff's claims of a constitutional violation. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The qualified immunity inquiry thus involves two prongs that must be answered affirmatively for an official to face liability: (1) whether the defendant's conduct violated a constitutional right, and (2) whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation." *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (citing *Pearson*, 129 S. Ct. at 816); *see also Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014). The Court may begin its inquiry with either prong. *Tolan,* 572 U.S. at 656 (citing *Pearson*, 555 U.S. at 236).

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). "This standard, even on summary judgment, 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)). "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability[,] it is effectively lost if a case is

erroneously permitted to go to trial.'" *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, at the summary judgment stage, "[t]he plaintiff's evidentiary assertions—but not mere allegations—are taken as true in the court's evaluation of qualified immunity." *Terry*, 609 F.3d at 761 (citing *Manis v. Lawson*, 585 F.3d 839, 842 (5th Cir. 2009)); *see also Pearson*, 555 U.S. at 231–32 ("[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims against government officials will be resolved prior to discovery.'") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)).

**C.     Whether Molina has Shown a Constitutional Violation**

(1)     Molina Was a Pre-Trial Detainee

Molina was previously found not guilty by reason of insanity to a charge of maliciously conveying false information regarding an explosive device in violation of 18 U.S.C. § 844(e) in the Wichita Falls Division of the Northern District of Texas. *See United States v. Molina*, (Mar. 5, 2007 Order), No. 7:06-CR-00014-O (1), ECF No. 33. He was also subsequently committed to the custody of the Attorney General upon the Court's finding that his release would likely create a substantial risk of bodily injury to another person or serious damage of property of another due to the defendant's present mental disease or defect. *See United States v. Molina*, (July 26, 2007 Order), No. 7:06-CR-00014-O (1), ECF No. 38. In the years since, Molina has been both detained for periods of time, and released for periods of time on certain reporting conditions. *See id.*, ECF Nos. 49, 60, 70, 81, 89, 103, and 124.

While released subject to certain conditions on March 23, 2016, Molina was arrested by Texas Department of Public Safety officers in Wise County, Texas, and detained in the Wise County Jail pending newly charged violations of state law, including charges of driving while intoxicated, possession of a controlled substance less than 1 gram, and possession of drug paraphernalia. *See* http://jail/com/wise.tx.us:81/JailingDetail.aspx?JailingID=50951 *see also* http://jail.com.wise.tx.us:81/CaseDetail.aspx?CaseID=10430372, 10437284, and10427894. Thus, Molina was a pre-trial detainee subject to the new state charges when the May 2016 events forming the basis of his remaining claims against the Wise County Jail sergeant and officers took place. Molina acknowledges that on May 27, 2016, he was transferred to the Parker County Jail. Complaint 4, ECF No. 3.

  (2) <u>Applicable Law/ Fourteenth Amendment Failure to Protect Claim</u>

Molina asserts that all of the remaining defendants failed to protect him from the harm he sustained as the result of an alleged sexual assault by a fellow inmate. Molina asserts his claims as a violation of the Due Process Clause of the Fourteenth Amendment. MDS 2, ECF No. 16. The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"); *Cupit v. Jones*, 835 F.2d 82, 84–85 (5th Cir. 1987) ("Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment."). In *Kingsley v. Hendrickson*, the Supreme Court held that

courts must apply an objective test to excessive force claims brought by pretrial detainees. 135 S. Ct. 2466, 2470 (2015). The Ninth Circuit later extended *Kingsley's* objective standard to a pretrial detainee's failure-to-protect claim. *See Castro v. City of L.A.*, 833 F.3d 1060, 1070–71 (9th Cir. 2016). The Fifth Circuit subsequently distinguished *Castro*, noting that the Ninth Circuit was the only circuit to have extended *Kingsley* to a pretrial detainees's failure-to-protect claims. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 & n. 4 (5th Cir. 2017). Instead, the Fifth Circuit reaffirmed the holding of *Hare v. City of Corinth*, which applies a "subjective deliberate indifference" standard to all failure-to-protect claims, regardless of whether the plaintiff is a pretrial detainee or a prisoner. 74 F.3d 633, 643 (5th Cir. 1996); *Alderson*, 848 F.3d at 419 n.4; *see also Robertson v. Gautreaux*, No. 16-341-JJB-RLB, 2017 WL 690542, at *3–5 (M.D. La. Feb. 21, 2017) (discussing the *Kingsley*, *Castro*, and *Hare* cases and applying the *Hare* standard to a detainee's failure to protect claim). Under this Fifth Circuit controlling authority, this Court will apply the subjective deliberate indifference standard under *Hare* to Molina's failure-to-protect claim.

Another court in this district recently set out the applicable standards for review of a failure-to-protect claim under the Fourteenth Amendment:

> Similar to an inmate's Eighth Amendment claim for failure to protect, a prison official has a duty to protect a pretrial detainee from violence at the hands of other inmates while confined. *See Hare*, 74 F.3d at 639; *Longoria v. Texas*, 473 F.3d 586, 592 (5th. Cir. 2006). Prison officials must guard against current threats, as well as sufficiently imminent dangers that may cause harm in the fixture; however, not every injury caused by another prisoner gives rise to constitutional liability. *Horton v. Cockrell*, 70 F.3d 397, 400–01 (5th Cir. 1995).

In a case alleging an "episodic act or omission" by a jail official, such as Escobedo alleges here, a detainee must show that the official acted with "deliberate indifference" to a substantial risk of serious harm to the detainee. *Hare*, 74 F.3d at 636 *(*citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Specifically, to state a constitutional claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Id.* at 648 (quoting *Farmer*, 511 U.S. at 834); *see Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). A finding of deliberate indifference requires more than mere negligence—the jail official must: (1) be subjectively aware that the detainee faces a substantial risk of serious harm; and (2) disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837; *see also Hare*, 74 F.3d at 648–49. ("Though *Farmer* dealt specifically with a prison official's duty under the Eighth Amendment to provide a convicted inmate with humane conditions of confinement, we conclude that its subjective definition of deliberate indifference provides the appropriate standard for measuring the duty owed to pretrial detainees under the Due Process Clause."). Thus, the jail official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

A detainee seeking to establish a constitutional violation need not show that jail officials believed harm would actually occur—"it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842; *see Hare*, 74 F.3d at 648. The law does not expect or require, however, that jail officials prevent all inmate-on-inmate violence (*Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003)), and mere negligence in failing to protect a detainee from assault does not comprise a constitutional violation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Ard v. Rushing*, 597 F. App'x 213, 219 (5th Cir. 2014) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 326 n.8 (5th Cir. 2002)) ("A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference.")."To sustain his constitutional claim, [the detainee] must demonstrate something approaching a total unconcern for his welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]"*Hamilton v. Dretke*, No. 7:06-CV-043-O, 2009 WL 320777, at *2 (N.D. Tex. Feb. 10, 2009) (quoting *King v. Fairman*, 997 F.2d 259, 261 (7th Cir. 1993)).

*Escobedo v. Garza County Sheriff's Dept.*, No. 5:16-CV-166-BQ, 2017 WL 6759136, at *3-4 (N.D. Tex. Oct. 23, 2017).

      (a)     *Substantial Risk of Serious Harm*

Thus, the analysis of whether Molina has alleged a violation of the constitution based upon the basis of failure to protect requires that he first show that he was incarcerated under conditions posing a substantial risk of serious harm. *Jones v. Thaler*, 69 F.App'x 658, 2003 WL 21356014, at *1 (5th Cir. 2003) (citing *Neals v. Norwood*, 59 F.3d 520, 533 (5th Cir. 1995)). A threat that one inmate will physically assault another poses a substantial risk of serious harm. *Id.* 2003 WL 21356014, at *1 (citing *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995)).

In his complaint, Molina alleges that prior to the alleged May 19 sex assault from Rodriguez, he informed Defendants Thomas, Larson, and Roberts that Rodriguez was sexually harassing him. Complaint 4, ECF No. 3. In the more definite statement, Molina alleges that he had told Larson and Roberts on May 12 that Rodriguez claimed to be a "Tango Blast gang member and that I would do what he wanted (sexually)." MDS 3, ECF No. 16. He also alleges he had told Larson, Roberts, and Thomas on May 12 that Rodriguez claimed he "knew I was gay, that he loved me, and wanted to have sex with me (suck his dick)." *Id.* Molina alleges he had told Larson and Roberts on May 12 that Rodriguez had "placed a sock across my neck under my chin and chocked [sic] me." *Id.* at 3–4. Molina also alleges that on May 18, he told Larson and Roberts that Rodriguez masturbated and "would

show me his cum." *Id.* at 4. He further alleges that on May 19, he came to the Officer's desk and told Thomas that Rodriguez had kept "telling me to such his dick," and contends Thomas responded "I will take care of it." *Id.* at 4–5. He also alleges that between May 17 and 19, Larson approached him and asked what was going on between him and Rodriguez, and that he responded by describing Rodriguez's alleged sexual harassment of him, including the same allegations listed above. *Id.* at 5. And, Molina contends that between May 17 and 19, Roberts asked him if Rodriguez was bothering him, and when he told her of the allegations listed above, she replied "Just don't hit him in the face." *Id.* at 5–6.

These allegations by Molina of conveying the alleged threats and conduct by Rodriguez to each of the three defendants at different times in the days prior to the May 19 sexual assault is sufficient to satisfy the first-prong of a failure-to-protect claim, requiring that he was subjected to conditions posing a substantial risk of serious harm.

    (b)  *Deliberate Indifference to a Need for Protection*

But "[n]ot every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation . . . ." *Horton*, 70 F.3d at 400. In order to satisfy the second prong, that the official was deliberately indifferent to the inmate's need for protection, Molina must allege that each defendant was deliberately indifferent to the risk that he would be assaulted. "Deliberate indifference is established by showing that the defendant officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for

harm existed." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (internal quotation marks omitted). Generally, a finding of deliberate indifference "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur Cty., Tex.,* 245 F.3d 447, 459 (5th Cir. 2001). And, the "fact that an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997); *see Sears v. Shaw*, No. 5:14-CV-65-DCB-JCG, 2016 WL 1068745, at *6 (S.D. Miss. Feb. 1, 2016) ("Offenders do not dictate their classification, as [the prisoner] alleges"), *R and R adopted*, 2016 WL 1069094 (S.D. Miss. Mar. 17, 2016); *Hamilton*, 2009 WL 320777, at *2 (noting that if prison officials were "constitutionally required [to take action] every time a threat was reported, inmates would quickly learn to control the prison environment simply by making threats").

Molina recites the same general claim/legal conclusion against each of the defendants: that he "informed [each defendant] of what Rodriguez was doing [and] that each knew a risk of serious harm existed but showed deliberated indifference by not removing me or Rodriguez from the same cell and the same trusty duties." MDS 7–8, ECF No. 16. Molina, however, does not recite additional facts that any of the remaining defendants acted wantonly or with deliberate indifference to a potential threat from Rodriguez. Molina does not allege

that any of them intentionally and wantonly encouraged Rodriguez to assault him. Rather, Molina contends that each of these three defendants failed to act reasonably. But failing to act reasonably is an allegation of negligence or possibly gross negligence. As noted above, allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the Constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Feagley v. Waddill,* 868 F.2d 1437, 1440 (5th Cir.1989) ("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment") (citing *Daniels,* 474 U.S. 327.) As explained in the brief in support of the collective motion for summary judgment at pages 5–8, Molina has wholly failed to set forth facts that show that any of the defendants acted with deliberate indifference.

Instead, in analyzing whether Molina has stated facts to show deliberate indifference on the part of any defendant, the Court notes that the defendants were aware of other facts that were taken into consideration in responding to Molina's claims. In this regard, although Molina alleges he was the victim of an assault on May 19, he acknowledges that he did not report such assault that day, but instead waited several days until May 22, when he informed a second Officer Roberts. Complaint 4, ECF No. 3; MDS 11, ECF No. 16. But Molina also

acknowledges he did so after his fellow cell mates, Rodriguez, Jimmy Teague, and Michael Martinez, each "filed grievances against me to get me 'rolled' (removed from the cell)." MDS 9, ECF No. 16. The Affidavit of Sergeant Thomas reports that Molina was actually taken out of the four-man cell on May 21, 2016, and placed in segregation pending an investigation of his claims of harassment. App. 9, Affidavit of Thomas, ECF No. 48. That investigation included Wise County Jail Inmate Witness Statements prepared by Molina's cell mates Rodriguez, Martinez, and Teague. *Id.* 9, 16–20, Affidavit of Thomas, Exhibits 3-B, ECF No. 48. As noted by Sergeant Thomas, those inmate statements categorically denied Molina's assertions, and recited claims that Molina himself instigated homosexual advances and exposed himself to the other inmates. *Id*. This evidence corroborates the defendants claims that they did not act with the requisite deliberate indifference towards Molina. *See generally Brown v. Harris Cty.*, 409 F. App'x 728, 730–32 (5th Cir. 2010) (affirming district court's dismissal of pretrial detainee's failure to protect claim on summary judgment, explaining that although detainee demonstrated jail official was subjectively aware detainee faced a risk of harm, detainee had not established official responded with deliberate indifference).

Furthermore, Molina does not contest the fact that in June 2016, after he was no longer housed in the Wise County Jail, he wrote a lengthy letter to Wise County Sheriff Akin and several federal court officials claiming that he was the victim of sexual assault or harassment on numerous instances. App. 21–29, Affidavit of Thomas, Exhibit 3-C, ECF No.

48. As Sergeant Thomas's affidavit summarized, Molina's letter alleged he was a repeat victim, including at:

> [T]he Wise County Jail in May 2016, the Volunteers of America facility in Fort Worth in February 2016 and September 2013, the FCI Fort Worth in December 2015 and also in January-February 2016, the "PCJ" [Parker County Jail] in December 2015, January 2016, and in 2013, in the Mansfield, Texas Jail in 2008 and 2006, at the Butner, NC FMC in 2007, at FCI Seagoville, Texas in 2007, and at FCI Fort Worth in 2007.

App. 9, Affidavit of Thomas, ECF No. 48. This record shows that Molina is a serial complainer of being a victim of inmate-on-inmate sexual harassment.

As a result, the Court concludes that Molina has failed to state facts to overcome the Defendants' assertion of qualified immunity. Because Molina has not come forward with evidence to show that Defendant Thomas, Larson, or Roberts violated his Fourteenth Amendment constitutional right, each Defendant is entitled to qualified immunity from this suit. Consequently, the collective motion for summary judgment as to the remaining Defendants must be granted.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 46) is **GRANTED**, such that all of Plaintiff's claims against Defendants Sergeant Joseph Thomas, Officer Lance Larson, and Officer Jennifer Roberts, are **DISMISSED with prejudice.**

**SO ORDERED** this **14th day** of **February, 2020.**

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE